## Peoples Bank v. Secretary of the Commonwealth.

*Corporations—Banks — Charter — Expiration — Renewal — Stockholders' meeting—Notice—Waiver—Act of May 10, 1889.*

The notice of meeting of stockholders to consider and vote upon the proposition to renew and extend the charter, corporate rights and franchises of a bank, which is required by the Act of May 10, 1889, P. L. 185, to be given by advertising for three months, may be waived if the waiver is duly signed by each and every stockholder, and if each and every stockholder is present, in person or by proxy, at the meeting held pursuant to such waiver.

Mandamus. C. P. Dauphin Co., Commonwealth Docket, 1923, No. 69.

*Beidleman & Hull* and *John R. Geyer,* for petitioner.

*George W. Woodruff,* Attorney-General, and *J. W. Brown,* Deputy Attorney-General, for defendant.

WICKERSHAM, J., Oct. 8, 1923.—The plaintiff alleges in its petition for an alternative writ of mandamus that the term of its incorporation being about to expire, it desired to renew and extend the same, but overlooked the pro-

4 D. & C.

visions of the Act of Assembly approved May 10, 1889, P. L. 185, relating to the renewal of such charters, which requires that of the meeting of the stockholders called to consider the subject, notice by publication for three months in two newspapers published in the city or town where the bank is located should be given. When it appeared that the time was too short to give such notice by publication, due and proper corporate action was had by the board of directors as required by law, and they deemed it expedient to have such charter, corporate rights and franchises renewed, and did so decide, and did thereupon call a meeting of the stockholders to be held, as required by law, on Friday, Oct. 5, 1923. That at such meeting the notice by publication for three months was duly waived under the hands and seals of each and every of the stockholders of the bank; that on Friday, Oct. 5, 1923, at 5 o'clock P. M., the time fixed by said notice and waiver, the meeting of the stockholders of said bank was duly held, at which there attended in person or by proxy each and every holder of stock of said bank, and thereupon the said stockholders' meeting did consider the said proposition, and thereupon there was voted for the proposition to renew and extend the said charter, corporate rights and franchises each and every share of the capital stock of said bank.

That of these matters, as required by said act, due and proper certificate was made to the defendant, the Secretary of the Commonwealth, together with a statement of the condition of said bank or institution, upon the blank furnished by the proper officer, the said statement being made by the cashier and president under oath, attested by at least three of the board of directors, together with a copy of its charter, and reference to the act of assembly under which the same is incorporated, and all matters required by law. These matters were presented to the defendant, the Secretary of the Commonwealth, with a request that he refer the same to the Governor, the Attorney-General and the Secretary of Banking, who declined and refused so to do, for the reason that it did not appear that notice by publication for three months of the stockholders' meeting had been made.

It is further represented in said petition that unless the relief therein prayed for be granted, it will sustain great and irreparable injury, and that it is without other adequate and specific remedy at law. The petitioner prayed that a writ of mandamus issue to the defendant, the Secretary of the Commonwealth, commanding and requiring him, under the provisions of said act, to refer the said certificate, together with the matters therein submitted, as hereinbefore set forth, to the Governor, the Attorney-General and the Secretary of Banking for such further action as, in their opinion, is required under the circumstances.

Upon presentation to us of the said petition, we directed that a writ of mandamus in the alternative form issue to the said Clyde L. King, Secretary of the Commonwealth of Pennsylvania, commanding that he refer the said certificate of the action of the Peoples Bank for the renewal of its charter, corporate rights and franchises, together with the matters therewith submitted, or attached, and all in the foregoing petition referred to, to the Governor, the Attorney-General and the Secretary of Banking for such further action as, in their opinion, is required under the circumstances, or show cause why he should not do so, and by agreement of counsel this writ is made returnable forthwith.

To this order of the court awarding a writ of alternative mandamus the defendant makes return that the facts contained in the plaintiff's petition are true, but that he has refused to refer the said matters as requested because he is advised and believes that, under the law, the notice by publication for

three months, required by said act, cannot be waived by the stockholders, but is intended for the benefit of the public.

After carefully considering the petition and answer in this case and the briefs of the learned Deputy Attorney-General and counsel for the plaintiff, we are of the opinion that the plaintiff is entitled to have the prayer of its petition granted, and that it is the duty of the Secretary of the Commonwealth, under the admitted facts in these pleadings, to refer the said certificate of the plaintiff, together with the matters therewith submitted, to the Governor and Attorney-General and the Secretary of Banking for such further action as, in their opinion, is required under the circumstances.

The regular term of the Court of Common Pleas being now in session, and it appearing that the charter of this bank expires with the close of business to-day, to wit, Oct. 8, 1923, we cannot at this time properly set forth the reasons for our conclusion, but will do so at a later period and as soon as the opportunity presents itself. We, therefore, direct a writ of peremptory mandamus to issue at once, requiring the Secretary of the Commonwealth to refer the said certificate, together with the matters therewith submitted, to the Governor, the Attorney-General and the Secretary of Banking for such further action as, in their opinion, is required under the circumstances, unless the formal issuance of said writ be waived by the defendant.

NOTE.—Since the filing of the foregoing opinion the Secretary of the Commonwealth has referred the certificate, together with the matters therewith submitted, to the Governor, and an extension and renewal of the charter has been granted. No further opinion has been filed by the court, and it is probably considered unnecessary under the circumstances.

From Sidney E. Friedman, Harrisburg, Pa.